IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANTHONY MASSARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-4087 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS; GUY JOHNSON; | ) | |
| JEFF MCCHURCH; JEFF PAPISH; | ) | |
| and ALBERT OSBORNE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE**

NOW COMES Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through its attorney, Lisa Madigan, Illinois Attorney General, and for its Memorandum of Law in Support of Motion to Strike, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, states as follows:

**I. INTRODUCTION**

Plaintiff filed this four-count Complaint on October 24, 2005, alleging employment discrimination and intentional infliction of emotional distress. Counts I and II are claims against Defendant Illinois Department of Corrections alleging that Plaintiff was subjected to sexual harassment and retaliation in violation of Title VII of the Civil Right Act of 1964. Count III is a section 1983 action against four named defendants. Count IV brings a claim of intentional infliction of emotional distress against all defendants. Plaintiff seeks punitive damages from Defendant Illinois Department of Corrections for the alleged violations of Title VII and for intentional infliction of emotional distress. For the reasons set forth more

fully below, the requests for punitive damages from Defendant Illinois Department of Corrections should be stricken.

## II. ISSUES AND ARGUMENT

When considering a Motion to Strike under Rule 12(f) the court must accept as true all well-pleaded factual allegations. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). A district court possesses considerable discretion in disposing of a motion to strike under Rule 12(f). Krisa v. Equitable Life Assur. Soc., 109 F.Supp.2d 316 (M.D.Pa. 2000), *citing* River Road Devel. Corp. v. Carlson Corp. - Northeast, 1990 WL 69085 at *2 (E.D.Pa. 1990).

Plaintiff has requested relief in the form of punitive damages against Defendant Illinois Department of Corrections in its prayer for relief following Counts I, II and IV. (Comp. pg. 10, ¶ 2; pg. 11, ¶ 2; pg. 13, ¶2). Section §1981a(b)(1) of Title 42 of the United State Code provides in pertinent part that "[a] complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision)." The Illinois Department of Corrections is a government agency. Congress has explicitly excluded the States and their agencies, without exception, as defendants that may be subject to punitive damages claims under Title VII. *See* 42 U.S.C. § 1981a(b)(1); Blalcok v. Illinois Dept. of Human Services, 349 F.Supp. 1093 (N.D.Ill. 2004). Accordingly, Plaintiff is barred from seeking punitive damages against the Department insofar as he is seeking them for alleged violations of Title VII, such as those requested in Counts I and II. (Comp., pg. 10, ¶ 2; pg. 11, ¶ 2).

Additionally, Plaintiff seeks punitive damages in Count IV, his claim of intentional infliction of emotional distress. (Comp., pg. 13, ¶ 2). As discussed more fully in

Defendant's Partial Motion to Dismiss, Plaintiff's claim for intentional infliction of emotional distress against the Department of Corrections is barred by sovereign immunity and could only be brought in the Illinois Court of Claims. However, if this Court finds that the cause is not barred by sovereign immunity and exercises its supplemental jurisdiction over the claim, Plaintiff's request for punitive damages should be stricken.

Under Illinois law, punitive damages cannot be awarded under the tort theory of intentional infliction of emotional distress. *See* Knierim v. Izzo, 22 Ill.2d 73, 88 (1961)(Punitive damages cannot be sanctioned as an additional recovery in an action for intentional infliction of emotional distress. Since the outrageous quality of defendant's conduct forms basis of action, the rendition of compensatory damages is sufficiently punitive.); *See also* Ledingham v. Blue Cross Plan for Hospital Care of Hospital Service Corp., 29 Ill.App.3d 339 (1975). Further, since such a tort action against the State of Illinois or its agencies is within the jurisdiction of the Illinois Court of Claims, it does not follow that a plaintiff bringing a cause of action under the Court's supplemental jurisdiction should be able to receive more recovery than available from the forum with original jurisdiction. The Illinois Court of Claims has no authority to award punitive damages, Brown v. Southern Illinois University, 47 Ill. Ct. Cl. 336 (1994); thus, Plaintiff's request for punitive damages for his claim of intentional infliction of emotional distress should be stricken.

Because Plaintiff is expressly prohibited from seeking punitive damages against the Department for claims under Title VII and punitive damages are not available for intentional infliction of emotional distress under Illinois law, all sections of the Complaint seeking punitive damages are immaterial, unnecessary and not warranted by existing law.

Accordingly, Defendant requests that all claims for punitive damages against the Department of Corrections be stricken from the Complaint.

### III.  CONCLUSION

Plaintiff's requests for punitive damages against the Department for alleged violations of Title VII and for intentional infliction of emotional distress under Illinois law are immaterial, unnecessary and not warranted by existing law.  Therefore, paragraph 2 of the requested relief for Count I, paragraph 2 of the requested relief for Count II and paragraph 2 of Count IV should be stricken.

WHEREFORE, for the foregoing reasons, the Defendant respectfully requests this honorable Court grant its Motion to Strike.

                Respectfully submitted,

                I L L I N O I S   D E P A R T M E N T   O F CORRECTIONS,

                  Defendant,

                LISA MADIGAN, Attorney General,
                State of Illinois,

                  Attorney for Defendant.

By:s/ Sarah R. Kerley
    Sarah R. Kerley, #6283449
    Assistant Attorney General
    Attorney for Defendant
    500 South Second Street
    Springfield, Illinois  62706
    Telephone:  (217) 782-9026
    Facsimile:   (217) 524-5091
    E-Mail:  skerley@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANTHONY MASSARO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 05-4087 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS; GUY JOHNSON; ) | |
| JEFF MCCHURCH; JEFF PAPISH; ) | |
| and ALBERT OSBORNE, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2005, I electronically filed Memorandum of Law in Support of Defendant's Motion to Strike with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel S. Alcorn
alcornd@galesburglaw.com

and I hereby certify that on December 30, 2005, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,

s/ Sarah R. Kerley
Sarah R. Kerley, #6283449
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
Email:  skerley@atg.state.il.us