**E-FILED**
Friday, 30 December, 2005  02:56:54 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANTHONY MASSARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-4087 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS; GUY JOHNSON; | ) | |
| JEFF MCCHURCH; JEFF PAPISH; | ) | |
| and ALBERT OSBORNE, | ) | |
| | ) | |
| Defendants. | ) | |

**PARTIAL ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through its attorney, Lisa Madigan, Illinois Attorney General, and for its Answer and Affirmative Defenses, states as follows:

**Common Count**

**A. Jurisdiction and Venue**

1.      Defendant admits that the statues set out in paragraph 1 of the Complaint can confer jurisdiction on the Court.  However, Defendant denies any violation of the statutes occurred.

2.      Defendant admits that this Court can exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).  Defendant denies that Plaintiff asserts a cognizable claim of intentional infliction of emotional distress against it.

3.      Defendant admits the allegations in paragraph 3 of the Complaint.

**B. The Parties**

1.    Defendant admits the allegation in paragraph B.1. of the Complaint.

2.    Defendant admits the allegations in paragraph B.2. of the Complaint.

3.    Defendant admits the allegations in paragraph B.3. of the Complaint.

4.    Defendant admits the allegations in paragraph B.4. of the Complaint.

5.    Defendant admits that Plaintiff was assigned to the East Moline Correctional Center in East Moline, Illinois from September 15, 2005 to August 15, 2005.  Defendant lacks knowledge as to Plaintiff's allegation of "at all material times."

6.    Defendant denies the allegations in paragraph B.6. of the Complaint.

7.    Defendant admits that Defendant Johnson was employed by the Illinois Department of Corrections from April 22, 1991, to September 9, 2005, and held the position of Correctional Lieutenant at the time of his separation with the Department. Defendant admits that Defendant McChurch was employed with the Illinois Department of Corrections from October 3, 1983, to September 9, 2005, and held the position of Correctional Lieutenant at the time of his separation with the Department.  Defendant admits that Defendant Papish was employed by the Illinois Department of Corrections from October 3, 1983, to September 11, 2005, and held the position of Correctional Sergeant at the time of his separation with the Department.  Defendant admits that Defendant Osborne has been employed by the Department of Corrections since November 7, 1983, and holds the position of Correctional Sergeant.  Defendant denies the remaining allegations in paragraph B.7. of the Complaint.

8.    Defendant admits that Defendant Johnson was employed by the Illinois Department of Corrections from April 22, 1991, to September 9, 2005, and held the

position of Correctional Lieutenant at the time of his separation with the Department. Defendant admits that Defendant McChurch was employed with the Illinois Department of Corrections from October 3, 1983, to September 9, 2005, and held the position of Correctional Lieutenant at the time of his separation with the Department. Defendant admits that Defendant Papish was employed by the Illinois Department of Corrections from October 3, 1983, to September 11, 2005, and held the position of Correctional Sergeant at the time of his separation with the Department. Defendant admits that Defendant Osborne has been employed by the Department of Corrections since November 7, 1983, and holds the position of Correctional Sergeant. Defendant admits that Defendant Papish served as the vice president of the local union which represented Correctional Officers at East Moline Correctional Center at some time during his employment. Defendant denies the remaining allegations in paragraph B.8. of the Complaint.

## C. Factual Averments

1.      Defendant admits that Defendant Johnson made verbal comments of a crude and boorish nature toward Plaintiff. Defendant denies the remaining allegations in paragraph C.1. of the Complaint

2.      Defendant admits that Plaintiff was given a transfer to Centralia Correctional Center on August 15, 2005. Defendant admits that Defendant Johnson was discharged on September 9, 2005. Defendant denies that Defendant Johnson engaged in all of the conduct described in the subparts to paragraph C.2. of the Complaint.

a.      Defendant admits that Plaintiff was assigned work in the same area as Defendant Johnson. Defendant admits that one of Defendant Johnson's duties was to sign Plaintiff's log book. Defendant denies the remaining allegations in paragraph C.2(a) of the Complaint.

b.    Defendant admits that Defendant Johnson, outside the presence of Plaintiff, made a joking comment to another male officer, Officer Roberto Luna, that Luna did not believe was of a sexual nature or harassing.  Defendant denies the remaining allegations in paragraph C.2(b) of the Complaint.

c.    Defendant denies the allegations in paragraph C.2(c) of the Complaint.

d.    Defendant denies the allegations in paragraph C.2(d) of the Complaint.

e.    Defendant denies the allegations in paragraph C.2(e) of the Complaint.

f.    Defendant denies the allegations in paragraph C.2(f) of the Complaint.

g.    Defendant denies the allegations in paragraph C.2(g) of the Complaint.

h.    Defendant denies the allegations in paragraph C.2(h) of the Complaint.

i.    Defendant admits the allegations in paragraph C.2(i) of the Complaint.

j.    Defendant denies the allegations in paragraph C.2(j) of the Complaint.

k.    Defendant denies the allegations in paragraph C.2(k) of the Complaint.

l.    Defendant denies the allegations in paragraph C.2(l) of the Complaint.

m.    Defendant admits that Officer Edward VanDyke reported that Defendant Johnson, outside Plaintiff's presence, engaged in a conversation about skiing and a hot tub, in which Defendant Johnson referred to Plaintiff going underwater and having sperm in his hair.  Defendant denies the remaining allegations in paragraph C.2(m) of the Complaint.

n.    Defendant denies the allegations in paragraph C.2(n) of the Complaint.

o.    Defendant denies the allegations in paragraph C.2(o) of the Complaint.

p.    Defendant admits the allegations in paragraph C.2(p) of the Complaint.

q.    Defendant denies the allegations in paragraph C.2(q) of the Complaint.

r.    Defendant admits that Officers Van Dyke, Pitts and Vasquez and

Defendant Johnson reported that Defendant Johnson related that Plaintiff looked like the character Pinnochio in the movie "Shrek 2." Defendant denies the remaining allegations in paragraph C.2(r) of the Complaint.

      s.     Defendant denies the allegations in paragraph C.2(s) of the Complaint.

      t.     Defendant denies the allegations in paragraph C.2(t) of the Complaint.

      u.     Defendant denies the allegations in paragraph C.2(u) of the Complaint.

      v.     Defendant denies the allegations in paragraph C.2(v) of the Complaint.

      w.     Defendant denies the allegations in paragraph C.2(w) of the Complaint.

      3.     Defendant denies the allegations in paragraph C.3. of the Complaint.

      4.     Defendant admits the allegations in paragraph C.4 of the Complaint.

      5.     Defendant denies the allegations in paragraph C.5 of the Complaint.

      6.     Defendant denies the allegations in paragraph C. 6 of the Complaint.

      7.     Defendant denies the allegations in paragraph C. 7 of the Complaint.

      8.     Defendant denies the allegations in paragraph C. 8 of the Complaint.

      9.     Defendant denies that Plaintiff ever complained to the Department of Corrections about the conduct of Defendant Johnson and others. Defendant denies that Plaintiff was subjected to retaliation. Defendant denies the remaining allegations in paragraph C.9. of the Complaint.

      a.     Defendant admits that Plaintiff was reassigned to a the 1st shift (7am-3pm) from the 2nd shift (3pm to 11pm), which was a different shift from that which Defendant Johnson was assigned. Defendant denies the remaining allegations in paragraph C.9.(a) of the Complaint.

      b.     Defendant denies the allegations in paragraph C.9(b) of the Complaint.

c.      Defendant admits that under the collective bargaining agreement which governed Plaintiff's employment as a correctional officer at East Moline Correctional Center, Plaintiff was entitled to representation by the Union during any interview by Internal Affairs.  The Defendant admits that Defendant Papish, Plaintiff's friend and Union Vice President, served as Plaintiff's union representative during Plaintiff's first and second Internal Affairs interview.  Defendant further admits that Defendant Papish, Plaintiff's union representative, laughed Plaintiff's interview when Plaintiff was describing the Pinnochio character in the movie "Shrek 2".

d.      Defendant denies the allegations in paragraph C.9(d) of the Complaint.

e.      Defendant denies the allegations in paragraph C.9(e) of the Complaint.

f.      Defendant denies the allegations in paragraph C.9(f) of the Complaint.

g.      Defendant denies the allegations in paragraph C.9(g) of the Complaint.

h.      Defendant denies the allegations in paragraph C.9(h) of the Complaint.

i.      Defendant denies the allegations in paragraph C.9(i) of the Complaint.

j.      Defendant admits that one of Plaintiff's duties was to search employee vehicles.  Defendant denies the remaining allegations in paragraph C.9(j) of the Complaint.

k.      Defendant denies the allegations in paragraph C.9(k) of the Complaint.

l.      Defendant denies the allegations in paragraph C.9(l) of the Complaint.

m.      Defendant denies the allegations in paragraph C.9(m) of the Complaint.

n.      Defendant denies the allegations in paragraph C.9(n) of the Complaint.

o.      Defendant denies the allegations in paragraph C.9(o) of the Complaint.

p.      Defendant denies the allegations in paragraph C.9(p) of the Complaint.

q.      Defendant denies the allegations in paragraph C.9(q) of the Complaint.

r.    Defendant denies the allegations in paragraph C.9(r) of the Complaint.

s.    Defendant admits that Plaintiff admitted in an Internal Affairs investigation that he lied about his friends and fellow union members, Defendants McChurch, Osborne and Papish's involvement and knowledge of the alleged conduct of Defendant Johnson, hindering Internal Affairs' ability to complete its investigation. Defendant denies the remaining allegations in paragraph C.9(s) of the Complaint.

t.    Defendant admits that Plaintiff had breakfast with Defendants Osborne and Papish.  Defendant lacks knowledge as to the remaining allegations in paragraph C.9(t) of the Complaint.

u.    Defendant admits that Defendant Papish visited Plaintiff's home. Defendant lacks knowledge as to the remaining allegations in paragraph C.9(u) of the Complaint.

10.    Defendant denies the allegations in paragraph C. 10 of the Complaint.

11.    Defendant denies the allegations in paragraph C. 11 of the Complaint.

12.    Defendant denies the allegations in paragraph C. 12 of the Complaint.

### COUNT I - TITLE VII (SEXUAL HARASSMENT)

1.    Defendant reanswers the allegations of the Common Count of the Complaint (paragraphs A. 1-3; B 1-8; and C. 1-12) as paragraph 1 of Count I of the Complaint.

2.    Defendant denies the allegations in paragraph 2 of Count I of the Complaint.

3.    Defendant lacks knowledge as to Plaintiff's subjective perception of any aspect of his employment with the Defendant; therefore, denies same and demands strict proof thereof.  Defendant denies that a perception that the alleged harassment was sufficiently severe and pervasive as to alter the conditions of Plaintiff's employment was objectively reasonable.

-7-

4.      Defendant denies the allegations in paragraph 4 of Count I of the Complaint.

5.      Defendant denies the allegations in paragraph 5 of Count I of the Complaint.

6.      Defendant lacks knowledge as to Plaintiff's emotional state at any time during his employment.    Defendant denies that Plaintiff was subjected to employment discrimination.   Defendant denies the remaining allegations in paragraph 6 of Count I of the Complaint.

7.      Defendant admits that attorney Daniel S. Alcorn has filed this Complaint on behalf of Plaintiff.  Defendant lacks knowledge as to any obligation Plaintiff may have to any attorney.  Defendant denies that Plaintiff was subjected to employment discrimination. Defendant denies the remaining allegations in paragraph 7 of Count I of the Complaint.

8.      Defendant admits that the second thru fifth pages of Exhibit A attached to Plaintiff's Complaint is a charge of discrimination filed with the Equal Employment Opportunity Commission received by the EEOC on June 29, 2005.

9.      Defendant admits the allegations in paragraph 9 of Count I of the Complaint.

10.     Defendant lacks knowledge to when Plaintiff received a Notice of Right to Sue.

11.     Defendant admits that October 24, 2005, is less than ninety days after August 2, 2005, and exactly ninety days from July 26, 2005.

12.     Defendant admits that a right-to-sue letter is a condition precedent to filing a civil action for claims of discrimination under Title VII.  Defendant denies that Plaintiff is entitled to litigate claims that are beyond the scope of his charge of discrimination. Defendant further denies that any employment discrimination occurred.

## COUNT II - TITLE VII (RETALIATION)

1.     Defendant reanswers the allegations of the Common Count (paragraphs A. 1-3; B 1-8; and C. 1-12) as paragraph 1 of Count II of the Complaint.

2.     Defendant reanswers the allegations of paragraphs 2-12 of Count I of the Complaint as paragraph 2 of Count II of the Complaint.

3.     Defendant denies the allegations in paragraph 3 of Count II of the Complaint.

## COUNT III - 42 U.S.C. § 1983

## (Against Johnson, McChurch, Papish and Osborne)

1. - 3.  Count III is not against Defendant, so no answer is made at this time.

## COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. - 2.  Count IV is addressed in Defendant's partial Motion to Dismiss, so no answer is made at this time.

## AFFIRMATIVE DEFENSES

1.      Defendant Illinois Department of Corrections timely investigated and responded to Plaintiff's complaint of discrimination.

2.    Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the defendant employer or to avoid harm otherwise.

3.      Plaintiff failed to timely bring his cause of action under the applicable statute of limitations.

4.    Defendant had a legitimate, nonpretextual reason for reassigning Plaintiff's

shift.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant.


By:   s/ Sarah R. Kerley
     Sarah R. Kerley, #6283449
     Assistant Attorney General
     Attorney for Defendant
     500 South Second Street
     Springfield, Illinois  62706
     Telephone:  (217) 782-9026
     Facsimile:    (217) 524-5091
     E-Mail:  skerley@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANTHONY MASSARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-4087 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS; GUY JOHNSON; | ) | |
| JEFF MCCHURCH; JEFF PAPISH; | ) | |
| and ALBERT OSBORNE, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2005, I electronically filed Defendant's Partial Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel S. Alcorn
alcornd@galesburglaw.com

and I hereby certify that on December 30, 2005, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,

s/ Sarah R. Kerley
Sarah R. Kerley, #6283449
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
Email:  skerley@atg.state.il.us