IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANTHONY MASSARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-4087 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS; GUY JOHNSON; | ) | |
| JEFF MCCHURCH; JEFF PAPISH; | ) | |
| and ALBERT OSBORNE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS**

NOW COMES Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through its attorney, Lisa Madigan, Illinois Attorney General, and for its Memorandum of Law in Support of Motion to Dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

**I. INTRODUCTION**

Plaintiff filed this four-count Complaint on October 24, 2005, alleging employment discrimination and intentional infliction of emotional distress. Counts I and II are claims against Defendant Illinois Department of Corrections alleging that Plaintiff was subjected to sexual harassment and retaliation in violation of Title VII of the Civil Right Act of 1964. Count III is a section 1983 action against four named defendants. Count IV brings a claim of intentional infliction of emotional distress against all defendants. For reasons set forth more fully below, Plaintiff's claim of intentional infliction of emotional distress should be dismissed as to Defendant Department of Correction, as the Court lacks subject matter jurisdiction over the claim.

## II. ISSUES AND ARGUMENT

### A. Court lacks subject matter jurisdiction

Motions under Rule 12(b)(1) of the Federal Rules of Civil Procedure seek dismissal of claims over which the federal court lacks subject matter jurisdiction. "Jurisdiction is the 'power to decide' and must be conferred upon a federal court." Holliday v. WSIE 88.7 FM Radio Station, 2005 WL 3312633 (S.D.Ill. December 7, 2005) citing In re Chicago, Rock Island & Pac. R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a Rule 12(b)(1) motion to dismiss, a district court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. See United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). When a plaintiff files suit in federal court, that plaintiff bears the burden of establishing that the jurisdictional requirements have been met. Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts. Thompson v. Gaskill, 315 U.S. 442, 446 (1942).

Plaintiff's claim of intentional infliction of emotional distress under Illinois law against the Department of Corrections is barred by sovereign immunity. (Comp. Count IV). Sovereign immunity establishes that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). A state sued in its own name is always barred by sovereign immunity. See Kentucky v. Graham, 473 U.S. 159 at FN 14 (1985). Because state agencies are treated the same as states, likewise claims against them are subject to sovereign immunity. See Alabama v. Pugh, 438 U.S. 781, 781-82 (1978); Gleason v. Board of Education, 792 F.2d 76, 79 (7th Cir. 1986). Further, "state rules of immunity are

binding in federal court with respect to state causes of action." Benning v. Bd. of Regents of Regency Universities, 928 F.2d 775, 779 (7th Cir.1991).

A mere grant of jurisdiction, such as that of supplemental jurisdiction under § 1367, does not override the Eleventh Amendment. *See* Pennhurst at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."). In the absence of a Congressional abrogation of state sovereign immunity, only an express waiver by the state itself is sufficient to allow suit in federal court. Kroll v. Bd. of Trustees of Univ. of Ill., 934 F.2d 904, 907 (7th Cir.1991); Naked City, Inc. v. Aregood, 667 F.Supp. 1246, 1257 (N.D.Ind.1987) ("The Eleventh Amendment of the Constitution of the United States prohibits suits brought against a state or its agencies unless the state consents to such suit or Congress expressly abrogates the state's immunity.")

The State of Illinois has not expressly waived its sovereign immunity. Section 1 of the State Lawsuit Immunity Act states, "Except as provided in the 'Illinois Public Labor Relations Act,' enacted by the 83rd General Assembly, or except as provided in 'An Act to create the Court of Claims,' the State of Illinois shall not be made a defendant or party in any court. 745 ILCS 5/1.[1] The Court of Claims Act, 705 ILCS 505/1 *et seq*., establishes the Illinois Court of Claims to serve as a forum for actions against the State. Section 8 of the Court of Claims Act provides: "The court shall have *exclusive* jurisdiction to hear and determine the following matters ... (d) All claims against the State for damages in cases sounding in tort, if a like

---

[1]Section 1.5 of the State Lawsuit Immunity Act, effective January 1, 2004, created an exception to this law for suits filed by employees, former employees or prospective employees for claims arising only out of the Americans with Disabilities Act, Title VII of the Civil Rights Act, Age Discrimination in Employment Act, Fair Labor Standards Act, or Family Medical Leave Act. 745 ILCS 5/1.5. None of the stated exceptions apply to Plaintiff's claim of intentional infliction of emotional distress asserted in Count IV.

cause of action would lie against a private person or corporation in a civil suit." 705 ILCS 505/8(d) (emphasis added).

Plaintiff's claim of intentional infliction of emotional distress comes squarely under the exclusive jurisdiction of the Court of Claims. Because the Court of Claims has exclusive jurisdiction over such claims, Count IV of Plaintiff's Complaint should be dismissed as this Court lacks subject matter jurisdiction over the claim.

> **B.    Plaintiff has failed to state a claim for intentional infliction of emotional distress against Defendant Department of Corrections.**

When considering a Motion to Dismiss under Rule 12(b)(6) of the Federal Rule of Civil Procedure, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. Pickrel v. City of Springfield, 45 F.3d 1115 (7th Cir. 1995). The Court will dismiss a complaint under Rule 12(b)(6) only if it appears that the plaintiff can prove no set of facts that would entitle him to relief. Mattice v. Memorial Hosp. of South Bend, Inc., 249 F.3d 682, 684 (7th Cir. 2001) citing Conley v. Gibson, 335 U.S. 41 (1957).

In Count IV, Plaintiff alleges, "Defendants' conduct was extreme and outrageous, beyond all bounds of decency usually tolerated by civilized society; Defendants either intended that this conduct should inflict severe emotional distress, or know that there was a high probability that this conduct would cause severe emotional distress; and Defendants' conduct did in fact case Plaintiff to suffer sever emotional distress." (Comp. Count IV, ¶ 2). However, the Seventh Circuit has held that a "plaintiff can plead [him]self out of court by including factual allegations that, if true, reveal that legal rights were not invaded." Endley v. City of Chicago, 230 F.3d 276, 284 (7th Cir. 2000). Plaintiff goes to

great lengths to factually plead over fifty specific allegations of abusive conduct by the defendants. However, in order to make a claim of intentional infliction of emotional distress against the Illinois Department of Correction, Plaintiff must allege: first, the conduct of the Department of Corrections must be truly extreme and outrageous; second, the Department of Corrections must either *intend* that its conduct inflict severe emotional distress, or know that there is at least a high probability that its conduct will cause severe emotional distress; third, the conduct must in fact cause *severe* emotional distress. McGrath v. Fahey, 126 Ill.2d 78, 86 (1988) *citing* Public Finance Corp. v. Davis, 66 Ill.2d 85, 90 (1976). "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." RESTATEMENT (SECOND) OF TORTS § 46, comment j, at 77-78 (1965).

In his Complaint, among the multitude of factual allegations, Plaintiff has alleged only the following conduct by the Department of Corrections: (1) investigating the allegations of misconduct by Defendant Johnson and others; (2) reassigning Plaintiff to a shift separate from that which Defendant Johnson worked; (3) allowing Plaintiff to transfer out of East Moline Correctional Center; and (4) discharging Defendant Johnson. As a matter of law, this conduct on the part of the Department of Corrections is not extreme or outrageous nor could there be a high probability that such conduct would lead to severe emotional distress to the Plaintiff. Because Plaintiff has pled himself out of court by alleging facts that prove that the Department of Corrections' conduct was not such that was intended to inflict emotional distress, Count IV of the Complaint should be dismissed as he has failed to state a claim for which relief can be granted.

### III.  CONCLUSION

In Count IV of his Complaint, Plaintiff brings a claim of intentional infliction of emotional distress against Defendant Illinois Department of Corrections.  This claim is barred by sovereign immunity.  However, the Illinois legislature has established the Illinois Court of Claims as the exclusive forum for tort actions against the State of Illinois. Because state agencies are treated the same as the State, this Court lacks subject matter jurisdiction over a tort claim against a state agency, such as Plaintiff's claim for intentional infliction of emotional distress in Count IV.  Therefore, Count IV of Plaintiff's Complaint should be dismissed.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests this honorable Court grant its Partial Motion to Dismiss.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

By: s/ Sarah R. Kerley
　　Sarah R. Kerley, #6283449
　　Assistant Attorney General
　　Attorney for Defendant
　　500 South Second Street
　　Springfield, Illinois  62706
　　Telephone:  (217) 782-9026
　　Facsimile:   (217) 524-5091
　　E-Mail:  skerley@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANTHONY MASSARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-4087 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS; GUY JOHNSON; JEFF MCCHURCH; JEFF PAPISH; and ALBERT OSBORNE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2005, I electronically filed Memorandum of Law in Support of Defendant's Motion to Strike with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel S. Alcorn
alcornd@galesburglaw.com

and I hereby certify that on December 30, 2005, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,

s/ Sarah R. Kerley
Sarah R. Kerley, #6283449
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, Illinois 62706
Telephone: (217) 782-9026
Facsimile: (217) 524-5091
Email: skerley@atg.state.il.us