```
               UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF ILLINOIS
                    ROCK ISLAND DIVISION
```

ANTHONY MASSARO,                )
                                )
    Plaintiff,                  )
                                )
  vs.                           )
                                )  No. 05 4087
ILLINOIS DEPARTMENT OF          )
CORRECTIONS; GUY JOHNSON;       )
JEFF McCHURCH; JEFF PAPISH;     )
and ALBERT ORSBORNE,            )
                                )
    Defendants.                 )

**ANSWER TO AMENDED COMPLAINT**

Now comes Defendant, ALBERT ORSBORNE, by and through his attorneys, Churchill & Churchill, P.C., and for his Answer to Plaintiff's Amended Complaint, states:

**Common Count**
**A. Jurisdiction and Venue**

    1.   Defendant admits the statutes cited in paragraph A.1 of the Amended Complaint can grant jurisdiction. However, Defendant denies any violation of the statutes cited occurred.

    2.   Defendant admits that subject matter jurisdiction can be founded on supplemental jurisdiction under 28 U.S.C. §1367(a). Defendant denies that Plaintiff has asserted a cognizable claim of intentional infliction of emotional distress against him.

- 2-

3. Defendant admits the allegations of paragraph A.3 of the Amended Complaint.

### B. The Parties

1. Defendant admits the allegation in paragraph B.1 of the Amended Complaint.

2. Defendant admits the allegation in paragraph B.2 of the Amended Complaint.

3. Defendant admits the allegations in paragraph B.3 of the Amended Complaint.

4. Defendant lacks knowledge as to the allegations in paragraph B.4 of the Amended Complaint and demands strict proof.

5. Defendant admits that Plaintiff was an employee at the East Moline Correctional Center in East Moline, Illinois. Defendant lacks knowledge as to Plaintiff's allegation of "at all material times" and demands strict proof.

6. Defendant lacks knowledge of the allegation in paragraph B.6 of the Amended Complaint and demands strict proof.

7. Defendant admits he has been employed by the Department of Corrections since November 7, 1983, and holds the position of Correctional Sergeant. Defendant denies the remaining allegations contained in paragraph B.7 of the Amended Complaint.

- 3 -

8.  Defendant admits he has been employed by the Department of Corrections since November 7, 1983, and holds the position of Correctional Sergeant.  Defendant admits that Defendant Papish served in the capacity of vice president of the local union which represented Correctional Officers at East Moline Correctional Center at some time during his employment.  Defendant denies the remaining allegations contained in paragraph B.8 of the Amended Complaint.

### C.    Factual Averments

1.  Defendant lacks knowledge as to the allegations in paragraph C.1 of the Amended Complaint and demands strict proof.

2.  Defendant lacks knowledge as to the allegations in paragraph C.2 of the Amended Complaint and demands strict proof.

2(a)  Defendant lacks knowledge as to the allegations in paragraph C.2(a) of the Amended Complaint and demands strict proof.

2(b)  Defendant lacks knowledge as to the allegations in paragraph C.2(b) of the Amended Complaint and demands strict proof.

- 4-

    2(c)  Defendant lacks knowledge as to the allegations in paragraph C.2(c) of the Amended Complaint and demands strict proof.

    2(d)  Defendant lacks knowledge as to the allegations in paragraph C.2(d) of the Amended Complaint and demands strict proof.

    2(e)  Defendant lacks knowledge as to the allegations in paragraph C.2(e) of the Amended Complaint and demands strict proof.

    2(f)  Defendant lacks knowledge as to the allegations in paragraph C.2(f) of the Amended Complaint and demands strict proof.

    2(g)  Defendant lacks knowledge as to the allegations in paragraph C.2(g) of the Amended Complaint and demands strict proof.

    2(h)  Defendant lacks knowledge as to the allegations in paragraph C.2(h) of the Amended Complaint and demands strict proof.

    2(i)  Defendant lacks knowledge as to the allegations in paragraph C.2(i) of the Amended Complaint and demands strict proof.

- 5-

2(j)   Defendant lacks knowledge as to the allegations in paragraph C.2(j) of the Amended Complaint and demands strict proof.

2(k)   Defendant lacks knowledge as to the allegations in paragraph C.2(k) of the Amended Complaint and demands strict proof.

2(l)   Defendant lacks knowledge as to the allegations in paragraph C.2(l) of the Amended Complaint and demands strict proof.

2(m)   Defendant lacks knowledge as to the allegations in paragraph C.2(m) of the Amended Complaint and demands strict proof.

2(n)   Defendant lacks knowledge as to the allegations in paragraph C.2(n) of the Amended Complaint and demands strict proof.

2(o) Defendant lacks knowledge as to the allegations in paragraph C.2(o) of the Amended Complaint and demands strict proof.

2(p) Defendant lacks knowledge as to the allegations in paragraph C.2(p) of the Amended Complaint and demands strict proof.

- 6-

2(q)   Defendant lacks knowledge as to the allegations in paragraph C.2(q) of the Amended Complaint and demands strict proof.

2(r)   Defendant lacks knowledge as to the allegations in paragraph C.2(r) of the Amended Complaint and demands strict proof.

2(s)   Defendant lacks knowledge as to the allegations in paragraph C.2(s) of the Amended Complaint and demands strict proof.

2(t)   Defendant lacks knowledge as to the allegations in paragraph C.2(t) of the Amended Complaint and demands strict proof.

2(u)   Defendant lacks knowledge as to the allegations in paragraph C.2(u) of the Amended Complaint and demands strict proof.

2(v)   Defendant lacks knowledge as to the allegations in paragraph C.2(v) of the Amended Complaint and demands strict proof.

2(w)   Defendant lacks knowledge as to the allegations in paragraph C.2(w) of the Amended Complaint and demands strict proof.

- 7-

3.   Defendant denies the allegations contained in paragraph C.3 of the Amended Complaint.

4.   Defendant lacks knowledge as to the allegations in paragraph C.4 of the Amended Complaint and demands strict proof.

5.   Defendant denies the allegations contained in paragraph C.5 of the Amended Complaint.

6.   Defendant denies the allegations contained in paragraph C.6 of the Amended Complaint.

7.   Defendant denies the allegations contained in paragraph C.7 of the Amended Complaint.

8.   Defendant denies the allegations contained in paragraph C.8 of the Amended Complaint.

9.   Defendant lacks knowledge as to any retaliatory behavior or actions by Employer and demands strict proof and denies the balance of paragraph C.9 of the Amended Complaint.

9(a)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(a) of the Amended Complaint.

9(b)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(b) of the Amended Complaint.

9(c)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(c) of the Amended Complaint.

- 8-

9(d) Defendant lacks knowledge as to the allegations contained in paragraph C.9(d) of the Amended Complaint.

9(e)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(e) of the Amended Complaint.

9(f) Defendant lacks knowledge as to the allegations contained in paragraph C.9(f) of the Amended Complaint.

9(g)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(g) of the Amended Complaint.

9(h)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(h) of the Amended Complaint.

9(i)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(i) of the Amended Complaint.

9(j)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(j) of the Amended Complaint.

9(k)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(k) of the Amended Complaint.

9(l)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(l) of the Amended Complaint.

9(m)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(m) of the Amended Complaint.

9(n)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(n) of the Amended Complaint.

- 9-

9(o)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(o) of the Amended Complaint.

9(p)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(p) of the Amended Complaint.

9(q)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(q) of the Amended Complaint.

9(r)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(r) of the Amended Complaint.

9(s)  Defendant denies the allegations contained in paragraph C.9(s) of the Amended Complaint.

9(t)  Defendant denies the allegations contained in paragraph C.9(t) of the Amended Complaint.

9(u)  Defendant lacks knowledge as to the allegations contained in paragraph C.9(u) of the Amended Complaint.

10.  Defendant denies the allegations contained in paragraph C.10 of the Amended Complaint.

11.  Defendant denies the allegations contained in paragraph C.11 of the Amended Complaint.

12.  Defendant denies the allegations contained in paragraph C.12 of the Amended Complaint.

-10-

### COUNT I – TITLE VII (Sexual Harassment)
### (Against Illinois Department of Corrections)

1.- 12.   Defendant denies the allegations in Count I, paragraphs 1-12 of the Amended Complaint on the basis that they are not directed against this Defendant.

### COUNT II – TITLE VII (Retaliation)
### (Against Illinois Department of Corrections)

1.- 3.   Defendant denies the allegations in Count II, paragraphs 1-3 of the Amended Complaint on the basis that they are not directed against this Defendant.

### COUNT III – 42 U.S.C. §1983
### (Against Johnson, McChurch, Papish and Orsborne)

1.   Defendant restates his answers to the allegations of the Common Count (paragraphs A. 1-3; B. 1-8; and C. 1-12) as his answer to paragraph 1 of Count III of the Amended Complaint.

2.   Defendant denies the allegations in paragraph 2 of the Amended Complaint.

3.   Defendant denies the allegations in paragraph 3 of the Amended Complaint.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Johnson, McChurch, Papish and Orsborne)

1.   Defendant restates his answers to the allegations of the Common Count (paragraphs A. 1-3; B. 1-8; and C. 1-12) as his answer to paragraph 1 of Count IV of the Amended Complaint.

- 11-

2.  Defendant denies the allegations in paragraph 2 of the Amended Complaint.

**WHEREFORE,** Defendant, ALBERT ORSBORNE, prays that Plaintiff's Amended Complaint be dismissed and all costs assessed against Plaintiff.

```
                              Respectfully submitted,

                              ALBERT ORSBORNE, Defendant,

                              By:  s/ Mark D. Churchill
                                   Mark D. Churchill Bar #188372
                                   Attorney for Defendant
                                   Churchill & Churchill, P.C.
                                   1610 Fifth Avenue
                                   Moline, IL  61265
                                   Telephone: (309) 762-3643
                                   Fax:  (309) 762-4690
                                   E-mail: cclaw@churchillfirm.com
```

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Daniel S. Alcorn and Lisa Madigan.

```
                              s/ Mark D. Churchill
                              Mark D. Churchill Bar #188372
                              Attorney for Defendant
                              Churchill & Churchill, P.C.
                              1610 Fifth Avenue
                              Moline, IL  61265
                              Telephone: (309) 762-3643
                              Fax:  (309) 762-4690
                              E-mail: cclaw@churchillfirm.com
```