UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANTHONY MASSARO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-4087 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, GUY JOHNSON, ) | |
| JEFF McCHURCH, JEFF PAPISH, ) | |
| and ALBERT OSBORNE, ) | |
| ) | |
| DEFENDANTS. ) | |

## DEFENDANT GUY JOHNSON'S ANSWER TO AMENDED COMPLAINT

NOW COMES Defendant, GUY JOHNSON, by and through his attorneys, Jonathan C. Goldman and Arthur R. Ehrlich of Goldman & Ehrlich, and as his Answer to the Plaintiff's Amended Complaint, states as follows:

1. *Plaintiff, Anthony Massaro, is currently a resident of Centralia, Illinois.*

1. Admit.

2. *Plaintiff is an employee of the Illinois Department of Corrections pursuant to Title VII of the Civil Rights Act of 1964, as amended.*

2. Admit.

3. *Defendant Illinois Department of Corrections (hereinafter "Employer") is a department of the State of Illinois and is an employer subject to the jurisdiction of Title VII of the Civil Rights Act of 1964, as amended.*

3. Admit.

4. *Plaintiff has been employed by Employer as a correctional officer since on or about September 15, 2003.*

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

4. Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph 4.

5. *At all material times, Plaintiff was employed by Employer at the East Moline Correctional Center in East Moline, Illinois.*

5. Admit.

6. *Plaintiff was at all material times satisfactorily performing the duties of his position.*

6. Denied.

7. *Defendants Johnson, McChurch, Papish and Osborne were at all material times supervisory employees of Employer and were acting under color of state law in the course of their employment with Employer.*

7. Admit.

8. *Johnson, McChurch, Papish, and Osborne were at all material times supervisory employees of Employer who had immediate or successively higher authority over Plaintiff. Furthermore, Papish was at all material times the vice president of the union local representing Plaintiff.*

8. Admit.

### C. Factual Averments.

1. *Johnson made unwanted sexual advances toward Plaintiff and engaged in other verbal conduct of a sexual nature toward Plaintiff, all despite the fact that Plaintiff repeatedly made it clear to Johnson that those types of comments and conduct were unwanted and unwelcome.*

1. Denied.

2. *Without limiting the generality of the foregoing, Johnson engaged in the following conduct of this nature beginning in the Summer of 2004 and continuing through August 16, 2005*

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

*when Johnson was discharged and Plaintiff was given a hardship transfer to Centralia Correctional Center:*

  2. Johnson, admits that he was discharged. Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of the Plaintiff's allegation that he was given a hardship transfer to Centralia Correctional Center. Johnson denies the remaining allegations in paragraph 2.

  (a) *One of Plaintiff's assigned duties was to guard a dorm of inmates and to obtain Johnson's signature on the logbook on a daily basis. Instead of signing the logbook and then going about his other duties, Johnson would regularly stay in Plaintiff's work area for extended periods of time each day. Johnson frequently and repeatedly went out of his way to be around Plaintiff at work for hours, staring at Plaintiff, flirting with Plaintiff, and attempting to engage Plaintiff in conversations about homosexual sex, even though he had no reason to be or remain in the same area with Plaintiff. This conduct continued despite Plaintiff telling Johnson that he was not gay and that he wanted this to stop. When Plaintiff would attempt to ignore Johnson's comments, Johnson became verbally abusive to Plaintiff.*

  (a) Johnson admits that Plaintiff was assigned to guard a dorm of inmates and obtain Johnson's signature on the logbook on a daily basis. Johnson denies the remaining allegations in paragraph (a).

  (b) *Johnson told Plaintiff that Plaintiff "has a nice butt" and attempted to engage Plaintiff in conversation about the bodies of other male employees, commenting to Plaintiff, for example, that Johnson thought another male officer "had a nice brown butt."*

  (b) Johnson denies the allegations in paragraph (b).

  (c) *Johnson asked Plaintiff to tell Johnson about Plaintiff's sexual fantasies and attempted to engage Plaintiff in conversation about watching the inmates in the showers and the size of the inmates' penises.*

  (c) Johnson denies the allegations in paragraph (c).

  (d) *Johnson asked Plaintiff questions about whether Plaintiff was homosexual.*

  (d) Johnson denies the allegations in paragraph (d).

  (e) *Johnson told Plaintiff that he thought Plaintiff "has sugar in his tank."*

  (e) Johnson denies the allegations in paragraph (e).

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

(f) *On February 13, 2005, Johnson asked Plaintiff if he was out of breath because he had been lying down in bed with the inmates.*

(f) Johnson denies the allegations in paragraph (f).

(g) *On February 13, 2005, Johnson asked Plaintiff if he was interested in homosexual sex.*

(g) Johnson denies the allegations in paragraph (g).

(h) *On February 14, 2005, Johnson asked Plaintiff if Plaintiff was naked and attempted to converse with Plaintiff about homosexual sex.*

(h) Johnson denies the allegations in paragraph (h).

(i) *On February 21, 2005, Johnson wrote down the URL for an internet website containing male homosexual pornography, gave it to Plaintiff, and suggested Plaintiff take it home and use it to masturbate.*

(I) Johnson denies the allegations in paragraph (I).

(j) *On February 21, 2005, Johnson told Plaintiff that he did not understand why male to female transsexuals got a sex change operation because "it was like getting a girl."*

(j) Johnson denies the allegations in paragraph (j).

(k) *On January 30, 2005, Johnson told other employees that Plaintiff had "sugar in his tank."*

(k) Johnson denies the allegations in paragraph (k).

(l) *On December 4, 2004, Johnson called Plaintiff his "buddy" and rubbed Plaintiff's shoulders and attempted for approximately one hour to engage Plaintiff in a discussion of homosexual sex.*

(l) Johnson denies the allegations in paragraph (l).

(m) *On December 4, 2004, Johnson told Plaintiff that he imagined him in a hot tub with other men with "sperm floating around" and that is why Plaintiffs hair is "so shiny."*

(m) Johnson denies the allegations in paragraph (m).

(n) *On December 4, 2004, and on several other occasions, Johnson suggested to Plaintiff that Plaintiff was interested in Johnson sexually.*

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

4

(n)   Johnson denies the allegations in paragraph (n).

*(o)   On December 4, 2004, Johnson told Plaintiff that he thought Plaintiff was having oral sex with the inmates and that the inmates "are cumming in your mouth."*

(o)   Johnson denies the allegations in paragraph (o).

*(p)   On December 4, 2004, Johnson asked Plaintiff if Plaintiff was dancing for the inmates and said "Don't make me come up there and spank you."*

(p)   Johnson denies the allegations in paragraph (p).

*(q)   On several occasions, Johnson asked Plaintiff if Plaintiff was dating another male officer and "which one was the girl."*

(q)   Johnson denies the allegations in paragraph (q).

*(r)   On several occasions, Johnson told Plaintiff he thought he was "cute" and compared him to a character in the movie Shrek II.*

(r)   Johnson denies the allegations in paragraph (r).

*(s)   Johnson asked Plaintiff if he wears "girl's underpants."*

(s)   Johnson denies the allegations in paragraph (s).

*(t)   Johnson asked Plaintiff if he was going to the 2004 Christmas party and told Plaintiff to come to the party because Johnson was going to be there, and asked whether Plaintiff had plans to accompany other male officers to the party and asked "whichone is going to be the girl?"*

(t)   Johnson denies the allegations in paragraph (t).

*(u)   On several occasions, Johnson told Plaintiff he believed Plaintiff was interested in him sexually.*

(u)   Johnson denies the allegations in paragraph (u).

*(v)   Johnson asked Plaintiff if he was having a "lovers' quarrel" with another male officer when the officer did not show up at work, and Johnson told Plaintiff that they should kiss and make up.*

(v)   Johnson denies the allegations in paragraph (v).

*(w)   Johnson attempted to engage Plaintiff in a conversation about gay bars and asked if Plaintiff went to them.*

(w)   Johnson denies the allegations in paragraph (w).

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

3. *Approximately one month after the harassing behavior began, Plaintiff reported it to McChurch, Papish, and Osborne. Plaintiff was told by McChurch, Papish and Osborne that Johnson was probably gay and "coming out," and nothing was done about it.*

3. Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph 3.

4. *Papish, upon being made aware of Johnson's conduct towards Plaintiff, told Plaintiff: "You can either confront him or suck him off, and you're not the type to confront him." Papish then said: "Something must have happened to you as a kid, some janitor, school teacher or priest must have touched you or broke it off in you."*

4. Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph 4.

5. *Defendants failed to take timely and appropriate corrective action to stop the harassment.*

5. Johnson denies the allegations in paragraph 5.

6. *Johnson, McChurch, Papish, and Osborne frequently and repeatedly ridiculed Plaintiff for not (in his appearance and manner) fitting the masculine male stereotype; however, female employees who do not (in appearance and manner) fit the feminine female stereotype were not ridiculed by these supervisors.*

6. Johnson denies the allegations in paragraph 6.

7. *Plaintiff opposed these activities and complained to his supervisors, and when nothing was done Plaintiff complained about these activities to Employer's Internal Affairs department in the Spring of 2005.*

7. Johnson admits that Plaintiff complained to Employer's Internal Affairs Department in the Spring of 2005, but denies the remaining allegations in paragraph 7.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

8.   *Because Plaintiff opposed and complained of said conduct, Johnson, McChurch, Papish, Osborne and other employees of Employer retaliated against Plaintiff.*

8.   Johnson denies the allegations in paragraph 8.

9.   *Without limiting the generality of the foregoing, Plaintiff was subjected to the following retaliatory behavior and actions by Employer after complaining to Employer about the conduct of Johnson and others:*

9.   Johnson denies the allegations in paragraph 9.

(a)   *Plaintiff was reassigned to a different shift (first shift) which was less favorable.*

(a)   Johnson denies the allegations in paragraph (a).

(b)   *Papish insisted that he be the union representative who accompanied Plaintiff to Plaintiffs interviews with the Internal Affairs officers about Plaintiffs complaints, despite the fact that Papish was one of the perpetrators and despite Plaintiffs request for a different union representative.*

(b)   Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (b).

(c)   *In the interviews with Internal Affairs, Papish laughed out loud as Plaintiff gave his account to the investigators.*

(c)   Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (c).

(d)   *Papish repeatedly referred to Plaintiff (to Plaintiff and to others), in person and over the intercom at work, as "Sgt. Dangle" – a reference to a homosexual character in the television series "Reno 911."*

(d)   Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (d).

(e)   *Plaintiff's mail was thrown in the garbage, and Plaintiff's uniforms were taken and hidden, all by other employees.*

(e)   Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (e).

(f)   *Plaintiffs car tires were slashed.*

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

(f) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (f).

(g) *Plaintiff received numerous telephone calls at his home from Employer's employees telling Plaintiff not to report the behavior.*

(g) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (g).

(h) *Papish asked Plaintiff if he wore "pink hot pants," asked Plaintiff if he danced at and frequented the gay bars, and called Plaintiff gay.*

(h) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (h).

(i) *Papish tried to rub soiled inmate underwear on Plaintiff and told Plaintiff to "file an incident report about that."*

(I) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (I).

(j) *Employer assigned Plaintiff to search the cars of second-shift employees as they came in, and one of the officers directed Plaintiff to stay away from his car "with all of this going on."*

(j) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (j).

(k) *McChurch attempted to physically intimidate Plaintiff by kicking in the door of the administration office, almost hitting Plaintiff, and then stood in front of Plaintiff with his chest puffed out staring at Plaintiff.*

(k) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (k).

(1) *On May 13, 2005, after midnight, Plaintiff received telephone calls at home from men using feminine voices and then hanging up.*

(l) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (l).

(m) *In May 2005, the other officers began treating Plaintiff differently by failing to cooperate with him, refusing to give Plaintiff important information about inmates, yelling at him, stating that Plaintiff was "wired," had a "camera in his nametag" and suggesting that employees should not talk to him.*

(m) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (m).

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

(n) *Another officer said to Plaintiff in an angry tone of voice: "It must be fucking nice to pick what shift you're on."*

(n) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (n).

(o) *Plaintiff was repeatedly called names by other officers, including "suck ass" and "Phony Tony."*

(o) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (o).

(p) *On May 22, 2005, the Roll Call Officer intentionally pushed another officer into Plaintiff, spilling coffee all over Plaintiff, and said "it couldn't have happened to a better person."*

(p) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (p).

(q) *On May 20, 2005, employees of Employer took photographs of Plaintiff's backside and said they were going to send them to Johnson to see if he could pick it out of a line-up.*

(q) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (q).

(r) *Repeatedly Plaintiff was telephoned by other employees at work who would taunt him using effeminate voices and hang up.*

(r) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (r).

(s) *After the Internal Affairs investigation began, Papish, McChurch and Osborne demanded that Plaintiff lie to Internal Affairs about their knowledge of the harassment and to leave their names out of it. Papish demanded that Plaintiff meet with McChurch to "get the story straight." McChurch called Plaintiff repeatedly to come over to McChurch's house. When Plaintiff went to McChurch's home, McChurch told Plaintiff to lie about his involvement and threatened Plaintiff by showing Plaintiff pictures of McChurch performing karate, saying: "I'm the best at karate, I'm a weightlifter, you need to listen to me."*

(s) Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (s).

(t) *Osborne came to Plaintiff's home and insisted that Plaintiff meet with him and Papish, and at the meeting Papish attempted to convince Plaintiff not to report the conduct and offered to help him get a lawyer and get "a lot of money out of this" if he cooperated.*

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

9

(t)  Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (t).

*(u)  Papish came to Plaintiff's home and attempted to intimidate Plaintiff into not reporting the behavior.*

(u)  Johnson is without sufficient knowledge or information sufficient to form a belief as to the truth of paragraph (u).

*10.  As a result of the conduct of Johnson, McChurch, Papish and Osborne, Plaintiff was ostracized by fellow officers and employees and subjected to a barrage of offensive behavior and comments destroying his relationships with co-workers and interfering with his ability to perform his job as a correctional officer in the dangerous environment of a prison.*

10.  Johnson denies the allegations in paragraph 10.

*11.  Plaintiff's response to the unwelcome sexual advances and other verbal conduct of a sexual nature by Johnson was a motivating factor in tangible employment action taken against Plaintiff, including Plaintiff's transfer from one shift to another less favorable shift. After making a report of the conduct to Employer, Plaintiff was reassigned by Employer to first shift, a less favorable shift for Plaintiff. The shift change did not resolve Plaintiff's concerns because Plaintiff was still required to interact with Johnson on a regular basis, despite the reassignment.*

11.  Johnson denies the allegations in paragraph 11.

*12.  The conduct of the individual defendants was in callous disregard for Plaintiff's rights.*

12.  Johnson denies the allegations in paragraph 12.

### COUNT I – TITLE VII (SEXUAL HARASSMENT)

(Against Illinois Department of Corrections)

Johnson makes no response to Count I as it is directed to Defendant, Illinois Department of Corrections.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

## COUNT II – TITLE VII (RETALIATION)

(Against Illinois Department of Corrections)

Johnson makes no response to Count II as it is directed to Defendant, Illinois Department of Corrections.

## COUNT III — 42 U.S.C. § 1983

(Against Johnson, McChurch, Papish and Osborne)

*1.   Plaintiff restates and realleges the allegations of the Common Count of this Complaint as paragraph 1 of this Count III.*

1.   Johnson restates and realleges his answers to the Common Count of this Complaint as his answer to Paragraph one of this Count III.

*2.   The sexual advances by Johnson, the ridicule by Johnson, McChurch, Papish and Osborne, and the transfer constituted sexual harassment and disparate treatment, were intentional, and were based on Plaintiff's gender, male.*

2.   Johnson denies the allegations in paragraph 2.

*3.   The conduct of the individual defendants subjected Plaintiff to a deprivation of his rights, privileges and immunities secured by the Constitution and laws of the United States, including but not limited to the following: Plaintiff's Fourteenth Amendment right to equal protection, to be free from invidious discrimination based upon gender, and liberty right to be free from generalized government harassment.*

3.   Johnson denies the allegations in paragraph 3.

WHEREFORE, Johnson demands that the complaint against him be dismissed and he be awarded his fees and costs.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

## COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against Johnson, McChurch, Papish and Osborne)

*1.  Plaintiff restates and realleges the allegations of the Common Count of this Complaint as paragraph 1 of this Count IV.*

1.  Johnson restates and realleges his answers to the Common Count of this Complaint as his answer to Paragraph one of this Count IV.

*2.  Defendants' conduct was extreme and outrageous, beyond all bounds of decency usually tolerated by a civilized society; Defendants either intended that this conduct should inflict severe emotional distress, or knew that there was a high probability that this conduct would cause severe emotional distress; and Defendants' conduct did in fact cause Plaintiff to suffer severe emotional distress.*

2.  Johnson denies the allegations in paragraph 2.

WHEREFORE, Johnson demands that the complaint against him be dismissed and he be awarded his fees and costs.

## AFFIRMATIVE DEFENSE

1.  The Plaintiff has failed to mitigate his damages.

/s/ Jonathan C. Goldman
Jonathan C. Goldman of Goldman & Ehrlich, as Attorney for GUY JOHNSON

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828